STATE EX REL. KNUDSON v. MUNICIPAL COURT OF CITY
OF FARIBAULT.

September 18, 1925.

No. 25,033.

**Criminal jurisdiction of municipal court of Faribault.**

　　The municipal court of the city of Faribault is without power to try
a person upon a criminal complaint made by a private individual
charging an offense beyond the jurisdiction of a justice of the peace
but within the jurisdiction prescribed by section 3, chapter 120, L.
1925, creating the court. The information designated in said section 3
means an information made and filed by a duly constituted prosecut-
ing officer, and the proceedings thereunder must conform to the pro-
visions of sections 10664-10668, G. S. 1923.

　　See Criminal Law, 16 C. J. p. 351, § 642 (Anno).

Upon the relation of Garmit Knudson the supreme court granted
an order to show cause why a writ should not issue prohibiting the
municipal court of the city of Faribault, Stockton, J., from trying
relator upon the charge of an illegal sale of intoxicating liquor.
Writ to issue.

*Moonan & Moonan,* for relator.

*Lucius A. Smith,* County Attorney and *John E. Coughlin,* for
respondents.

[1]Reported in 205 N. W. 63.

HOLT, J.

Order to show cause why a writ should not issue prohibiting the municipal court of the city of Faribault from trying relator upon the charge of the illegal sale of intoxicating liquor, a crime the maximum penalty of which may be 90 days in the county jail and a fine of $300.

The petition for the writ alleges, and the return of the respondent judge of the court admits, that relator is to be tried in said court for the offense mentioned upon an information or criminal complaint made and filed by a private person, although relator has neither waived a preliminary hearing nor been accorded one demanded by him.

The municipal court of the city of Faribault was established by chapter 120, p. 108, Laws of 1925 and, besides the powers conferred upon municipal courts by chapter 5 of the General Statutes of 1923, was given this additional criminal jurisdiction:

"Said court shall also have concurrent jurisdiction with the district courts of this state to hear, try and determine, upon information duly made and filed therein, all criminal charges or offenses committed in or triable in the said county of Rice, where the punishment prescribed by law, or by the charter, ordinances, or by-laws of said City of Faribault, is imprisonment in the state prison or county jail for not more than one year, or by a fine of not more than one thousand dollars ($1,000), or by both * * * and over cases within its jurisdiction it is hereby invested with all the powers possessed by district courts of this state over cases within their jurisdiction, and all laws of a general nature which apply to district courts, not inconsistent with its jurisdiction and powers, shall apply to said municipal court." (section 3 of the act).

The question before us is this: May the municipal court of the city of Faribault, upon a complaint or information filed by one not a prosecuting officer, try a person for an offense the penalty for which may exceed that authorized to be imposed by a justice of the peace but not the limitation in section 3 above quoted, and where

such person has neither had nor waived a preliminary examination?

Before the amendment of section 7, article I, of the Constitution, no one could be put on final trial for an offense not within the jurisdictional authority of the justice of the peace to try and pass sentence in, unless he had been indicted by a grand jury. Since the amendment, the statute authorizes the trial of certain crimes upon an information (sections 10664-10668, G. S. 1923), with this limitation: "No information shall be filed against any person for any offense, until such person shall have had a preliminary examination as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such preliminary examination." (section 10666). No doubt the information here spoken of is the well understood common-law accusation made by a duly constituted and authorized prosecuting officer. The form prescribed (section 10668) indicates that the legislature meant an information in this sense. And by the use of the word information in the act establishing the municipal court in Faribault and extending its criminal jurisdiction to certain felonies, it is reasonable to assume that the same meaning was intended as the one already comprehended in the existing code in the sections above cited.

It is not to be supposed that there was a purpose to give a court inferior to the district court concurrent jurisdiction in criminal cases, and place an offender proceeded against in such inferior court at a greater disadvantage than if prosecuted for the same crime in the district court, so that in the municipal court of Faribault he might be brought to trial for any offense coming within section 3 of the act creating that court, if a criminal complaint is filed therein by any private individual who may take a notion so to do, but in the district court he may not be put to trial for the same offense unless the county attorney, who is presumed to act impartially and bound by his official oath, deems proper to file an information after a preliminary examination first had or waived. In the absence of clear language to the contrary, there is no reason for thinking that information under the municipal court act of the

city of Faribault is of any other meaning than the information the procedure under which is authorized and regulated by the sections above referred to in the general statutes, and which sections are applicable to such municipal court by the terms quoted from section 3 of chapter 120, p. 108, Laws of 1925.

We are of the opinion that the writ should issue prohibiting the municipal court of Faribault from placing defendant on final trial upon the complaint now on file in said court against him. Upon that complaint the court is limited to a preliminary examination. Whether the judge, upon such examination, may bind defendant over to the court over which he presides, or must bind him over to the district court if the evidence warrants or an examination is waived, is a matter of procedure not properly before us on the motion for a writ of prohibition.

Let the writ of prohibition issue as above directed.